In re James H. INGERSOLL,
Jr., Debtor.

Charles MEDEARIS, Trustee, Plaintiff,

v.

James H. INGERSOLL, Jr. and James
H. Ingersoll, a/k/a James H.
Ingersoll, Sr., Defendants.

Bankruptcy No. 88–1096–8P7.
Adv. No. 89–449.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 4, 1990.

Jay B. Verona, St. Petersburg, Fla., for plaintiff.

Russell Blain, Tampa, Fla., for defendant James Ingersoll, Jr.

Robert B. Glenn, Tampa, Fla., for defendant James Ingersoll, Sr.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case. The matter under consideration is a Motion for Summary Judgment filed by Charles Medearis (Trustee), filed in the above-captioned adversary proceeding. The Trustee in his complaint seeks a turnover of certain properties from the Defendants, James H. Ingersoll, Jr. (Junior), and James H. Ingersoll, Sr. (Senior).

The claim set forth in Count I is based on Section 542 of the Bankruptcy Code and alleges that certain real property located in Benzie County, Michigan, a 1979 motor vehicle, and the proceeds from the sale of certain condominium units in Pinellas County, are properties of the estate and, therefore, pursuant to Section 542, the Defendants should be compelled to turnover the items described to the Trustee. Prior to the trial this Court granted a partial summary judgment concerning the proceeds from the sale of the condominium unit but denied the Motion as moot concerning the Trustee's attempt to obtain a

turnover of the real property located in Benzie County, Michigan. The Court also deferred ruling on the Trustee's Motion as it relates to a 1979 motor vehicle based on the statement of the Trustee that he is in the process of negotiating a compromise.

The claim set forth in Count II is based on Section 547(b) of the Bankruptcy Code and contends that the transfer of the real property located in Benzie County, Michigan by the Debtor to his father is a voidable preference.

The claim set forth in County III of the Complaint seeks to avoid the transfer by the Debtor to his father of the same real property located in Benzie County, Michigan on the basis that the transfer was a fraudulent transfer within the meaning of Section 548(a) of the Bankruptcy Code. The Trustee's Motion directed to this count was denied.

This leaves for consideration the Motion for Summary Judgment directed to the Trustee's claim set forth in Count II which is the claim of the preferential transfer. The following facts are without dispute indeed and are relevant to the resolution of the remaining controversy.

Prior to January 29, 1988, the real property involved in this controversy, property located in Benzie County, Michigan, was owned by the Debtor and his non-debtor wife as tenants by the entireties. On January 29, 1988, the Debtor and his non-debtor wife executed a deed and conveyed their interest in the subject property to the Debtor's father, Ingersoll, Sr. The Debtor filed his Voluntary Petition for Relief under Chapter 7 on March 1, 1988. Thus, it is without dispute that the transfer occurred within the ninety days immediately preceding the commencement of the bankruptcy case. There is nothing in this record to indicate that prior to this conveyance there were joint creditors of both the Debtor and his wife who could have reached this property under the laws of the State of Michigan. Basically these are the undisputed facts based on which the Trustee claims that he is entitled to set aside this transfer as a voidable preference pursuant to Section 547(b) of the Bankruptcy Code.

It is indeed without dispute that there was a transfer of an interest in a property of the estate of the Debtor for the benefit of a creditor on account of an antecedent debt during the ninety days immediately preceding the commencement of the case and the transfer was made while the Debtor was insolvent. This last operating element of a voidable preference is established by Section 547(f) which provides that for the purpose of this Section, the Debtor is presumed to have been insolvent during the ninety days and there is nothing in this record which warrants the finding that the presumption has been overcome. The difficulty with the Trustee's position is, however, that there is an additional element before the Trustee can recover a preference which is that it is the burden of the Trustee to establish that the transfer enabled the recipient of the transfer to receive more than it would have received under Chapter 7 if a transfer had not been made. This is so because, as noted earlier, the property transferred was owned by the Debtor and his non-debtor spouse and there is nothing in this record to establish that Ingersoll, Sr., the Debtor's father, did not have a valid claim against both the Debtor and his non-debtor spouse thus under the applicable laws of the State of Michigan would not have subjected this property to his claim thus receiving the same satisfaction in Chapter 7 as he has received as a result of the transfer in question.

While it is true that after the hearing the Debtor filed an affidavit, together with copies of documents which indicate that the debt owed to the father was a joint obligation of both the Debtor and his wife, this affidavit and the documents cannot be considered inasmuch as they were not filed and submitted prior to the hearing on the Motion for Summary Judgment as required by Fed.R.Civ.P. 56(c) as adopted by Rule 7056(c). This being the case, this Court is satisfied that the Trustee is not entitled to a judgment as a matter of law on the claim of voidable preference and the matter shall be scheduled for final evidentiary hearing for the limited issue of whether or not Ingersoll, Sr. did have a

valid joint claim against both the Debtor and the non-debtor spouse and had a right superior to the property transferred to the exclusion of other creditors under the applicable laws of the State of Michigan.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the claims set forth in Count II (voidable preference) and Count III (fraudulent transfer) shall be scheduled for final evidentiary hearing.

DONE AND ORDERRED.